Application for review of sentence imposed by the Superior Court, Judicial District of Windham, Docket No. CR11-66744; CR11-65495 and CR11-68306.
Lawrence Bates, Defense Counsel for Petitioner
Mark Solak, State's Attorney, for the State. Sentence Affirmed
BY THE DIVISION: The petitioner entered pleas of guilty in each of the three files to one count of Burglary, Third Degree in violation of C.G.S. Sec. 53a-103. The petitioner waived a presentence investigation and the State recommended that the petitioner be sentenced to five (5) years on each count, with the second sentence to run concurrently and the third consecutively, for a total effective sentence of ten (10) years to serve.
The State did not oppose the petitioner's treatment as a drug dependent person pursuant to C.G.S. Sec. 19a-387. Accordingly the Court, pursuant to C.G.S. Sec. 19a-387, imposed an effective sentence of ten (10) years, ordered it suspended and committed the petitioner to "CADAC" for not less than ninety days nor more than twenty-four months. On the same day (November 30, 1989, the petitioner was taken to CT Page 739 the Crossroads treatment facility.
On December 1, 1989, (Friday) he left the program (AWOL) and was terminated from it. On the following Tuesday he turned himself over to police authorities and was charged with escape from custody.
Thereafter, on December 12, 1989, the suspended ten (10) year sentence was revoked and was imposed to be served. The escape charge was nolled.
The petitioner has submitted a comparison chart which he says indicates that his sentence was more severe than other defendants with similar charges, and some with more serious charges, received in Windham County. Such a comparison is of limited value since the circumstances involved in any particular case are necessarily varied and unique to that situation. The State's position is that the sentence is appropriate in view of the petitioner's prison record, which included incarceration for previous burglary and his rejection of the rehabilitative program proferred to him.
It is noteworthy that defense counsel at the time of the original sentencing stated "The prosecutor's office and myself have come to an agreement as to what would be an appropriate sentence for — — Mr. Rivera — -." (Transcript of November 30, 1989, p. 14) Then on December 12, 1989, at the sentence revocation hearing the following colloquy took place:
 Ms. Kanabis: Your Honor, the State is going to enter a nolle on the Escape Charge, which is number 73, with the understanding that —
 Mr. Bates: And that's why I'm not arguing for reduction, Your Honor.
Ms. Kanabis: — there would not be an argument.
Although there is some question that there was actually a plea agreement in this case, the Review Division decides this question by giving the petitioner the benefit of the doubt and hearing the petition.
Under the circumstances of this case, which included two residential burglaries and one burglary into a restaurant over a four month period, the risk to the community which the petitioner posed and his failure to accept the conditions of a rehabilitation program, neither the sentence as originally imposed, nor subsequently imposed, is unreasonable or unduly CT Page 740 severe. It is affirmed.
Purtill, J., Klaczak, J. and Norko, J., participated in this decision.